UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael D. Benson,	Civil No. 09-2792 (DWF/JJG)

    Petitioner,

v.	**REPORT AND RECOMMENDATION**

State of Minnesota,

    Respondent.

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case is before the undersigned United States Magistrate Judge on Michael D. Benson's petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the case be dismissed with prejudice.

### I. BACKGROUND

In January 2007, Michael D. Benson ("Benson") was convicted by a jury of burglary in the first degree, criminal damage to property, theft of a motor vehicle, and escape from custody. The trial court sentenced him to forty-six months imprisonment. At the time of his escape, Benson was civilly committed as a sexual psychopathic personality ("SPP") at the Minnesota Security Hospital in St. Peter, Minnesota. He had been civilly committed there since 1993.

On April 15, 2006, Benson and three other individuals escaped from the Minnesota Security Hospital through a window. When Benson was apprehended two weeks later in Missouri, he was driving a car that had been stolen from a house near the hospital. At trial, Benson stipulated that he was civilly committed at the Minnesota Security Hospital at the time of

the escape. As Benson's lawyer explained in her brief to the Minnesota Court of Appeals, the purpose of the stipulation was to prevent the jury from knowing that Benson was an SPP.

Benson appealed his conviction and sentence to the Minnesota Court of Appeals, which affirmed the trial court in all but one respect. *State v. Benson*, No. A07-0836, 2008 WL 2965692, at *1 (Minn. Ct. App. Aug. 5, 2008). The appellate court determined that Benson should not have been sentenced separately on the burglary and vehicle theft charges and remanded the case for resentencing. The Minnesota Supreme Court denied review on October 21, 2008.

Benson filed the instant petition for habeas corpus relief on October 7, 2009, asserting three grounds for relief. First, Benson argues that his status as an SPP necessarily means that he is insane under criminal law. Second, Benson contends he is entitled to a new trial because the trial court did not hold a separate hearing on his sanity. Third, Benson asserts that his civil commitment is unconstitutional.

When Benson filed his habeas petition, he was incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota. He has since been returned to the Minnesota Sex Offender Program in Moose Lake, Minnesota. The Court has not been informed whether any time remains on Benson's sentence, and thus, the Court makes no determination as to mootness.

## II. DISCUSSION

A federal court's review of the state court decisions underlying a state prisoner's petition for writ of habeas corpus is "limited and deferential." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (citation omitted). There are three circumstances in which a federal court may grant a state prisoner's habeas petition: (1) if the state court adjudication was contrary to clearly established federal law, (2) if the state court adjudication involved an unreasonable application of clearly established federal law, or (3) if the state court adjudication was based on an

unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

### A. Insanity

Benson argues that his designation as an SPP necessarily means he is insane. He relies on *Foucha v. Louisiana*, 504 U.S. 71 (1992), and *Kansas v. Hendricks*, 521 U.S. 346 (1997). Neither of these authorities is apposite to his case.

In *Foucha*, the Supreme Court held that the indefinite confinement of a person who was acquitted of a crime by reason of insanity, and who was later found not to be mentally ill, violated due process. 504 U.S. at 78, 82-83. Here, however, Benson was not acquitted by reason of insanity; he was convicted. Furthermore, even if *Foucha* were applicable, it would apply to the validity of Benson's civil commitment, not his criminal conviction and sentence. Benson is already pursuing habeas relief for his civil commitment in another action, *Benson v. Minnesota*, Civil No. 09-2793 (DWF/JJG).[1]

In *Hendricks*, the Supreme Court upheld Kansas's involuntary civil commitment statute, which requires both proof of future dangerousness and proof of a mental abnormality or disorder. 521 U.S. at 358. *Hendricks* simply has no relevance to Benson's criminal conviction and sentence. As with *Foucha*, if *Hendricks* were to apply at all, it would be to Benson's civil commitment.

Benson has failed to provide any clearly established federal authority that his civil commitment as an SPP necessarily means that he is criminally insane. Accordingly, he is not entitled to habeas relief on this claim.

---

[1] As this Court previously explained in that case, Benson is able to bring two separate habeas actions because Rule 2(e) of the Rules Governing Section 2254 Cases requires him to challenge separate state court judgments in separate petitions. *Benson*, Civil No. 09-2793 (DWF/JJG), order at 1 n.1 (D. Minn. Nov. 30, 2009).

## B. New Trial

Benson contends he is entitled to a new trial because the trial court did not hold a separate hearing to determine whether he was insane. In rejecting this claim, the Minnesota Court of Appeals faulted Benson for not asserting an insanity defense or mental illness at his trial. *Benson*, 2008 WL 2965692, at *4. The court also noted Benson's failure to cite any legal authority supporting his position. *Id.*

Once a defendant makes a threshold showing that his sanity is an issue, the trial court must at least afford the defendant a psychiatric hearing. *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). Benson, however, never made this threshold showing. His status as an SPP alone did not suffice, because the definitions for insanity and SPP are not the same.

In Minnesota, a person is not responsible for committing a crime by reason of insanity if "at the time of committing the alleged criminal act the person was laboring under such a defect of reason," caused by a mental illness or mental deficiency, so "as not to know the nature of the act, or that it was wrong." Minn. Stat. § 611.026. A person with an SPP, in comparison, exhibits "emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of personal acts, or a combination of any of these conditions, which render the person irresponsible for personal conduct with respect to sexual matters, if the person has evidenced, by a habitual course of misconduct in sexual matters, an utter lack of power to control the person's sexual impulses and, as a result, is dangerous to other persons." Minn. Stat. § 253B.02, subd. 18b.

There are several important distinctions between the two standards, relevant to this case. First, the criminal insanity statute requires proof of a mental illness or deficiency, while the SPP statute does not. Other than being designated as an SPP, Benson does not claim to suffer from a

4

mental illness or deficiency. Second, the SPP statute refers to a person's emotional state, behavior, and ability to understand the consequences of his or her acts only with respect to sexual matters. None of the charges brought against Benson in 2007 involved a sexual matter. Finally, there is no simply requirement inherent in the SPP statute that a person must be found insane before being civilly committed. Thus, a designation as an SPP does not necessarily mean one is insane.

In sum, the trial court's determination that Benson's SPP status alone did not warrant a sanity hearing was neither contrary to nor an unreasonable application of clearly established federal law.

### C. Civil Commitment

Benson's third claim for relief concerns his civil commitment. His habeas petition, however, is based on his 2007 criminal conviction and sentence. Benson's 2003 judgment of civil commitment is completely separate and independent from his 2007 criminal judgment. As previously mentioned, Benson is pursuing habeas relief for the civil commitment in another action, and that claim will be addressed in due course. Consequently, Benson's challenge to his civil commitment in this petition should be dismissed.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Michael D. Benson's petition for a writ of habeas corpus (Doc. No. 1) be **DENIED** and this case be **DISMISSED WITH PREJUDICE**.

Dated: March 12, 2010                          s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

# NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 29, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of any hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.